SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM

TEL: 212.681.0202
FAX: 212.614.0202

November 28, 2012

**BY HAND AND BY ECF**

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

***Re: United States v. Farese, et al., Ind. No. 12 Cr. 094***

Dear Judge Block:

I respectfully write on behalf of both defendants to renew our request that the Court give the jury a missing witness charge as to the cooperating witness Reynold Maragni. Such a charge is appropriate where, as here, the witness's testimony would be material and the witness is peculiarly within the control of that party. See United States v. Torres, 845 F.2d 1165, 1169 (2d Cir. 1988). See also United States v. Caccia, 122 F.3d 136, 139 (2d Cir. 1997) ("The requirement that the witness be 'peculiarly within the control' of the party ensures that the inference is not available to be drawn against a party who, in comparison with an adversary, lacks meaningful or pragmatic access to the witness."); United States v. Donald, 417 Fed.Appx. 41 (2d Cir. 2011). Although the Court initially stated it would consider a missing witness charge if the government did not call Reynold Maragni, it later determined that such a charge was not be appropriate based on the government's representation that the defense could also call Mr. Maragni. As the defense informed the Court – and as the government conceded – while the defense may have been able to call Mr. Maragni as a witness and while he may not have asserted his Fifth Amendment privilege, this witness was inarguably "peculiarly within the control" of the government and refused a request to be interviewed by the defense. Indeed, as Mr. Castrogiovanni testified, this witness continues to have a cooperation agreement with the government.

In all events, prevailing Second Circuit jurisprudence makes clear that an "equally available witness" instruction is entirely improper under the facts of this case. As has been made clear, Reynold Maragni is a witness who is presently under a cooperation agreement with the

government. And although "the witness [may be] physically available to the defense, that is not the sole criterion of equal availability." Caccia, 122 F.3d at 139, citing United States v. Saa, 859 F.2d 1067, 1076 (2d Cir. 1988); Torres, 845 F.2d at 1171; and United States v. Rollins, 487 F.2d 409, 412 (2d Cir. 1973). Rather, "[a]vailability of a witness depend[s] … on all the facts and circumstances bearing up on the witness's relation to the parties, rather than merely on physical presence of accessibility." Id. Indeed, even where the witness ended his relationship with the government two years before trial, where "[t]he witness ha[s] assisted the Government as an informant and ha[s] expressed unwillingness to speak to defense counsel before trial," that witness is not "meaningfully 'available'" as a witness for the defense." Caccia, 122 F.3d at 139, quoting Saa, 859 F.2d at 1076. Where, as here, the witness is a "cooperating witness" (not just an informant) who presently has an agreement with the government that is still in tact and who has expressed an unwillingness to speak to defense counsel before trial, there is no question that that witness is not "equally available" to the defense.

Thus, we strenuously object to such an erroneous instruction being given to the jury and once again ask that the Court give a missing witness charge, which is clearly appropriate under the facts under.

Respectfully yours,
/s/
Sarita Kedia

cc: Government Counsel

Counsel for Pat Truglia